# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>JOSEPH D MASSA and<br>RONDA E. MASSA,<br><br>Debtors. | Bankruptcy Case No. 18-17322 KHT<br><br>Chapter 7 |
| PROFORCE STAFFING, INC,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH D MASSA and<br>RONDA E. MASSA,<br><br>Defendant. | Adversary Proceeding No. 18-1403 KHT |

## ORDER AND NOTICE OF EVIDENTIARY HEARING BY VIDEO CONFERENCE

NOTICE IS HEREBY GIVEN that, due to the recent developments concerning the Coronavirus COVID-19, the two-day trial set to commence on **Monday, June 15, 2020 at 9:30 a.m.** will be conducted by Zoom video conference. <u>Counsel and/or parties should not appear in person</u>.

For security reasons, the Zoom video conference details will not be posted publicly. The Court will send Zoom invitations via email to counsel and/or parties within one day of the hearing. Counsel and/or parties shall not, under any circumstances, share, post, and transmit the Zoom video conference link, meeting ID, or password.

IT IS ORDERED that:

1. **Witnesses and Exhibits**: The requirements in this Order specifically supersede the requirements in Local Bankruptcy Rule 9070-1. Do not file the actual exhibits unless otherwise directed by the Court. Any illustrative aids to be used at trial in opening statements, with a witness, or in closing arguments, shall be exchanged by **June 1, 2020**.

    a. The parties must exchange FULL SETS of intended exhibits, including all possible rebuttal exhibits, prior to trial. Exhibits which have been attached to pleadings or provided as discovery responses are not considered to be exchanged for purposes of trial preparation.
    b. Exhibits must be individually marked for identification (Plaintiff - numbers

        and Defendants - letters).
- c. Multi-page exhibits should be individually page-numbered.
- d. Expert witnesses must be specifically identified.
- e. A copy of each exhibit and a complete list of all video conference participants, with the participants' email addresses shall be tendered to the Court 3 business days prior to the hearing via email. The information shall be emailed to KHT_Courtroom@cob.uscourts.gov. It is counsel's and/or the parties' responsibility to ensure their witnesses possess complete copies of all marked exhibits for the Zoom video conference. The parties are encouraged to confer and, if possible, prepare a set of stipulated exhibits prior to the hearing for use by the Court and all parties.
- f. In accordance with L.B.R. 9070-1(e), upon the conclusion of the trial or hearing, the attorneys or parties must retain custody of their respective original exhibits and deposition transcripts until all need for the exhibits and deposition transcripts has terminated and the time for appeal has expired, or all appellate proceedings have been terminated, plus 60 days. In the event an appeal is filed, the attorneys or parties must provide their exhibits to the appellate court pursuant to the appellate court's direction.

2. **Stipulated Facts**: The parties shall confer and prepare a list of uncontested background facts relating to the issues before the Court, which list shall be filed with the Court on or before **June 8, 2020**. If the parties are unable to reach an agreement as to any stipulated facts, a statement to that effect must be filed. Failure to file this required document will result in the hearing being vacated and may result in denial of the relief requested and/or sanctions upon the party and counsel failing to comply.

3. **Notification of Settlement**: To facilitate court preparation for this hearing, any motion to continue the hearing or to vacate the hearing due to settlement shall be filed at least 24 hours prior to the scheduled hearing. Parties shall contact chambers staff by telephone at 720-904-7362 upon filing such a motion, and chambers staff will advise parties if the hearing is continued or vacated. Except in exigent circumstances not known 24 hours before the hearing, oral motions to continue will not be entertained. If the matter is settled and a written motion to vacate due to settlement cannot be timely submitted, counsel and parties appearing pro se may be required to appear, either in person or by telephone, at the scheduled hearing time to read the terms of any settlement into the record.

4. **Court Appearances:** If a party does not join the video conference, it will be deemed a failure to appear. Failure to connect to the video conference in a timely manner will preclude participation in the evidentiary hearing. The Court strongly encourages all participants to read the Court's guidelines for zoom video conferences on its website in advance of the hearing.

5. **Prehearing training**: All parties scheduled to take part in the hearing are required to test all equipment ahead of time by taking part in the Court's Zoom training sessions available as noted below. Parties who have not tested equipment ahead of time may be excluded from the hearing. All parties should read the Court's guidelines for zoom video conferences on its website in advance of the video test.

Training sessions are held every Tuesday and Thursday, 8:30 a.m. – 11:30 a.m. MST. Use the link below to participate.

https://www.zoomgov.com/j/1610626873?pwd=dW9pcId3UnJnaFU5SWQ2clBEakVyQT09

Meeting ID: 161 062 6873
Password: 7H9U2571L

Counsel and/or the parties are strictly prohibited from recording any court proceeding held by video or teleconference, including taking "screen shots" or other visual copies. Violation of this prohibition may result in sanctions as deemed necessary by the Court.

**Failure to file any of the required documents as set forth above will result in the hearing being vacated and may result in denial of the relief requested and/or sanctions upon the party and counsel failing to comply.**

DATED this 4th day of June, 2020

BY THE COURT:

_Kimberley H Ty___

Kimberley H. Tyson
United States Bankruptcy Judge